IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CLIPPER BULK SHIPPING LIMITED,** § § **Plaintiff,** § § vs. § § **MARINTER SHIPPING AGENCY, S.R.L.,** § § **Defendant.** § § | C.A. No. 4:24-cv-3417<br><br>Admiralty Rule 9h |

### *EX PARTE* MOTION FOR AN ORDER DIRECTING ISSUANCE OF WRIT OF MARITIME ATTACHMENT AND GARNISHMENT PURSUANT TO SUPPLEMENTAL ADMIRALTY RULE B AND FOR EXPEDITED CONSIDERATION

COMES NOW Plaintiff, Clipper Bulk Shipping Limited. (hereinafter "Plaintiff"), by and through undersigned counsel, and respectfully requests this Honorable Court to issue an Order authorizing Issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (hereinafter "Admiralty Rules"), and respectfully states as follows:

**I.   EXPEDITED RELIEF IS NECESSARY AND APPROPRIATE HERE**

1. Plaintiff has filed a Verified Complaint which sets out all of the required elements to obtain an order authorizing attachment pursuant to Supplemental Rule B. *See* DE 1 and Point II *infra*. The property of the Defendant Marinter Shipping Agency S.R.L. (hereinafter "Defendant") which is the subject of the attachment application that includes cargo on board the M/V ORCINUS (IMO 947952). The vessel is a bulk carrier cargo ship and capable of completing cargo operations withing a very short timeframe, *i.e.*, approximately forty-eight (48) hours or less.

2. The Vessel is already in the Southern District of Texas and it is believed that cargo

operations are underway, accordingly, it is respectfully submitted that expedited consideration of the application and issuance of the order and writ of attachment is necessary to attach Defendant's property on board the vessel before she departs the jurisdiction.

3. Defendant has failed, neglected, and/or refused to remit payment totaling $1,228,260.29, which is due and owing under the charter party agreement.

4. Maritime attachment is a well-established remedy designed to allow maritime claimants to obtain jurisdiction over defendant and to secure their claims. Courts have universally recognized Rule B attachment remedy due to the transitory nature of the assets and their presence in jurisdictions where recovery is not only inconvenient, but impossible. *See Yayasan Sabah Dua Shipping SDN BHB v. Scandinavian Liquid Carriers, Ltd.*, 335 F. Supp. 2d 441, 444 (S.D.N.Y. Sept. 13, 2004) (Kaplan, J.). In reviewing the history of maritime attachment, Judge Kaplan held:

> Maritime attachment is a centuries-old remedy that antedates both the congressional grant of admiralty jurisdiction to the federal district courts and the promulgation of the first U.S. Supreme Court Admiralty Rules in 1844. Admiralty Rule B, which codifies the law, is simply an extension of this ancient practice. The device exists for the benefit of merchants engaged in the far flung maritime trade, who face special risks in seeking legal redress against perpetrators of maritime injury who are likely to be peripatetic. ***Without it, defendants, their ships, and their funds easily could evade the enforcement of substantive rights of admiralty law***.

*Id*. (internal citations omitted) (emphasis added); *see also Parcel Tankers, Inc. v. Formosa Plastics Corp.*, 569 F. Supp. 1459, 1462 (S.D. Tex. 1983) ("Because the perpetrators of maritime injury are likely to be peripatetic . . . jurisdiction by attachment of property should be accorded special deference in the admiralty context" and accordingly, "maritime actors must reasonably expect to be sued where their property may be found.") (quoting *Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne*, 605 F.2d 648 (2d Cir. 1979)).

5. Courts have recognized that the procedure authorized under Supplemental Rule B has a dual purpose: (i) to assure a defendant's appearance; and (ii) to assure satisfaction in case the

suit is successful. *Heidmar, Inc. v. Anomina Ravennate di Armamento Sp.A*, 132 F.3d 264, 268 (5th Cir. Tex. 1998) (citing *Swift & Co. Packers v. Compania Colombiana Del Caribe, S.A.,* 339 U.S. 684, 693, 70 S. Ct. 861, 867, 94 L. Ed. 1206 (1950)).

6. Courts have granted maritime attachments because of the widely-recognized fact that it is frequently more difficult to find property of parties to a maritime dispute than of parties to a traditional civil action. "A ship may be here today and gone tomorrow, not to return for an indefinite period, perhaps never…" *Polar Shipping, Ltd. v. Oriental Shipping Corp.*, 680 F.2d 627, 637 (9th Cir. 1982) (confirming the need for maritime attachment pursuant to Rule B. Thus, the policy underlying maritime attachment "has been to permit the attachment of assets **wherever** they can be found…" *Aqua Stoli Shipping, Ltd. v. Gardner Smith Pty Ltd.,* 460 F.3d 434, 443 (2d. Cir. 2006), *abrogated on other grounds by Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte. Ltd.*, 585 F.3d 58 (2d Cir. 2009). "This policy has been implemented by a relatively broad maritime attachment rule, under which the attachment is quite easily obtained." *Id.*

## II.   THE ELEMENTS OF RULE B HAVE BEEN MET

5. The Rule B maritime attachment action was commenced in order to obtain security in aid of Plaintiff's maritime claim for breach of charter party agreements which will be pursued in London Arbitration. *See* DE 1, Verified Complaint. Here, Plaintiff seeks the attachment of tangible and intangible property of the Defendant Sea Pioneer Ltd., including but without limitation to, cargo being loaded onboard the M/V ORCINUS.

6. "Under Rule B of the Supplemental Admiralty Rules, plaintiff may attach a defendant's property if four (4) conditions are met: (1) Plaintiff has a valid *prima facie* admiralty claim against the defendant; (2) defendant cannot be found within the district; (3) property of the defendant can be found within the district; and (4) there is no statutory or maritime law bar to the attachment" *Oldendorff Carriers GmbH & Co., KG v. Grand China Shipping (Hong Kong) Co., Ltd.*,

CA No. C-12-074, 2013 U.S. Dist. LEXIS 56774, at *8 (S.D. Tex. Mar. 28, 2013); Fed. R. Civ. P., Supp. R. B.

7. Plaintiff submits that the requirements of Supplemental Admiralty Rule B have been met, and respectfully requests an Order issuing a writ of maritime attachment of Defendant's property presently located within this judicial district, the tangible and intangible physical property including cargo onboard the vessel, M/V ORCINUS (IMO 947952), as well as any other tangible or intangible property belonging to Defendant which may be found in this district.

8. All four (4) requirements of Rule B have been met, as summarized below:

A. Plaintiff has a valid *prima facie* admiralty claim against Defendant for breach of the charter party agreement which is a maritime contact. *See*, DE 1, Verified Complaint, ¶¶1-20; and Exhibit 1. Specifically, Defendant has failed, neglected, and/or refused to pay demurrage and replacement charter costs as a result of the Defendant's repudiatory breach of the charter party agreement between Plaintiff and Defendant. *Id*., at ¶¶ 13-20.

B. Consistent with Rule B and Rule E of the Supplemental Rules, Plaintiff seeks security in the amount of **$1,645,938.72** for the claim. DE 1, ¶¶ 22-26.

C. Defendant cannot be found within the Southern District of Texas for the purposes of Rule B. A defendant cannot be found in the District "for purposes of Rule B if it is not present in the district at the time the complaint is filed." *Heidmar, Inc. v. Anomina Ravennate di Armamento Sp.A*, 132 F.3d 264, 268 (5th Cir. Tex. 1998). "A defendant is present in the district if 1) the defendant can be found within the district in terms of jurisdiction, and 2) the defendant can be found within the district for service of process." *Id*. (citing *LaBanca v. Ostermunchner*, 664 F.2d 65, 67 (5th Cir.1981). In support of its Verified Complaint Plaintiff has filed the Declaration of Attorney Briton P. Sparkman, averring that the Defendant cannot be found within the district pursuant to Rule B and the efforts undertaken

4

to find and serve the Defendant. *See* DE 1, Verified Complaint, at Exhibit 2. Specifically, Plaintiff is informed and believes: that the Defendant cannot be found within the Southern District of Texas; that to Plaintiff's knowledge, none of the managers or officers of Defendant are now within the Southern District of Texas; that the Defendant does not maintain offices or telephone listings in the Southern District of Texas; that the Defendant is not incorporated or registered to do business in the State of Texas; and, that the Defendant does not have a registered agent for the receipt of service of process in the State of Texas.

      D.     Plaintiff is informed and believes Defendant does now, or will during the pendency of this action, have tangible and intangible property within the Southern District of Texas, and said tangible and intangible property is amenable to attachment and garnishment pursuant to Admiralty Rule B. *See* DE 1, Verified Complaint, ¶¶27-32. More specifically, Defendant has tangible and intangible property consisting of cargo on board the M/V ORCINUS, which is subject to attachment as security for Plaintiff's maritime claims. *Id.; see also* Exhibit 3, the declaration of Morten Ligaard at ¶¶ 2-6 (confirming that Plaintiff has engaged private investigators and confidential market sources to confirm that the M/V ORCINUS is on voyage charter to the Defendant and that the Defendant has arranged for transport of the cargo on an FOB ("free onboard basis"), meaning that title and ownership passes to Defendant when the cargo crosses the Vessel's rail at the time of loading. Id.

      E.     Finally, regarding the fourth element, Plaintiff asserts there is no statutory or general maritime law bar that prevents attachment.

WHEREFORE, as all of the required elements of Rule B and the Local Admiralty Rules have been met, Plaintiff respectfully requests that this Court expedite consideration of Plaintiff's *ex parte* motion, enter the enclosed Order authorizing the Issuance of Process of Maritime Attachment and Garnishment, direct the United States Marshal for the Southern

District of Texas to seize the Cargo onboard the M/V ORCINUS, and to garnish any tangible or intangible personal property in the possession, custody or control of the Master of the M/V ORCINUS belonging to Defendant, and to grant Plaintiff such other and further relief as may be just, equitable and proper.

Dated: September 13, 2024
      Houston, Texas

Respectfully submitted,

CHALOS & CO, P.C.

By: /s/ Briton P. Sparkman
George M. Chalos
SDTX Federal Id No. 623727
Briton P. Sparkman
SDTX Federal Id No. 1148116
7210 Tickner Street
Houston, Texas 77055
(T) (713) 574-9454
(F) (866) 702-4577

*Attorneys for Plaintiff*